The opinión of the court was delivered by
Rogers, J.
The material point is the exception to the charge,. tl That real and personal estate are assets in Pennsylvania, and that the administrator in this state is liable on the administration bond, for the proceeds of the real estate sold by order of the Orphans’ Court, as fully as be is for the proceeds of the personal estate'of the deceased.” If the administrator be liable on the bond, it follows the sureties are liable also; and, I do>not understand this to be the construction given in practice to the act of 1794. In taking the security, reference is had to the value of the goods and chattels, which, properly, form the inventory, of which the real estate constitutes no part. The bond is usually taken in double that amount as,near as it ean be ascertained, and no surety has ponsidered-himself answerable for the valué of the land, and it would, in .most cases, be a most insufficient security for that purpose.
. The bond required by the act justifies this construction,, the condition of which is, that, the administrator make a true and perfect inventory of the goods, chattels, and credits of the deceased, and which have or shall come to his possession ok knowledge, and all ■other the-goods, chattels; and credits,'of the said deceased, &c., which shall, at any'time áfter, come into his hands or possession. In' this the legislature evidently refers to such goods and chattels as forrii the inventory, for which and for which alone, the sureties are.answerable. Nor is it necessary for the. interest of the estate tó go further, as it is not certainly known that-the real estate will be wanted for the payment of debts; for although lands are assets in the hands of the administrator, it is sub modo .only. The 19th section of the act of 1794, prescribes the'manner of the sale for the payment of debts and maintenance of minor children; and the third section of the 26th oí-March, ISIS, gives authority to the Orphans’ Court, to rpquire and take sufficient security from the ad-: ministrators, conditioned for the faithful execution of the power committed to him in making such sale, and truly to account for and pay. overthe proceeds thereof in such manner as the said court shall legally decree. A faithful execution of the power conferred *393 by this act will give'evéry security required, without subjecting the sureties on the administration bond.
Judgment reversed, and a-venire facias de novo awarded. -